1
2
3
4
5
6
7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    PHILIP JOHN JONES,                         No.  2:23-CV-0817-DMC-P

12                         Plaintiff,

13          v.                                    ORDER

14    JIM COOPER,

15                         Defendant.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

19          The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

22    initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

23    Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

24    portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

25    be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

26    28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

27    complaints contain a ". . . short and plain statement of the claim showing that the pleader is

28    entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

                                          1

1  concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

2  Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

3  of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

4  1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

5  overt acts by specific defendants which support the claims, vague and conclusory allegations fail

6  to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

7  required by law when the allegations are vague and conclusory.

8

9                                    **I.  PLAINTIFF'S ALLEGATIONS**

10          Plaintiff name Jim Cooper as the only defendant.  See ECF No. 1.  Plaintiff states

11  that Defendant Cooper is the "Head Admin/Sheriff."  Id. at 2.  Plaintiff claims that, on May 17,

12  2021, he was attacked by "an inmate who was improperly housed by the Sac. Co. Sheriff's

13  deputies."  Id. at 3.  According to Plaintiff, the attack resulted from the "deliberate indifference

14  and negligence of the Sac. Co. Sheriff's deputies."  Id.  Plaintiff does not specifically name the

15  individual deputies alleged to be involved.

16

17                                            **II.  DISCUSSION**

18          The Court finds that Plaintiff has not stated a cognizable claim against the only

19  named defendant – Jim Cooper.

20          To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

21  connection or link between the actions of the named defendants and the alleged deprivations.  See

22  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

23  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

24  § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

25  an act which he is legally required to do that causes the deprivation of which complaint is made."

26  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27  / / /

28  / / /

1    Supervisory personnel are generally not liable under § 1983 for the actions of their

2    employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

3    respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

4    violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

5    Supreme Court has rejected the notion that a supervisory defendant can be liable based on

6    knowledge and acquiescence in a subordinate's unconstitutional conduct because government

7    officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

8    and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

9    personnel who implement a policy so deficient that the policy itself is a repudiation of

10   constitutional rights and the moving force behind a constitutional violation may, however, be

11   liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

12   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

13   When a defendant holds a supervisory position, the causal link between such

14   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

15   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

16   1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

17   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

18   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

19   official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

20   Plaintiff will be provided leave to amend to either state a cognizable claim against

21   Defendant Cooper or to name the individual deputies alleged to be involved.

22

23                          **III.  CONCLUSION**

24   Because it is possible that the deficiencies identified in this order may be cured by

25   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

26   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

27   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

28   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

3

1   amend, all claims alleged in the original complaint which are not alleged in the amended

2   complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

3   Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

4   Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

5   complete in itself without reference to any prior pleading.  See id.

6          If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

7   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

8   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

9   each named defendant is involved, and must set forth some affirmative link or connection

10  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

11  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12          Finally, Plaintiff is warned that failure to file an amended complaint within the

13  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

14  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

15  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

16  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

17          Accordingly, IT IS HEREBY ORDERED that:

18          1.      Plaintiff's original complaint is dismissed with leave to amend; and

19          2.      Plaintiff shall file a first amended complaint within 30 days of the date of

20  service of this order.

21

22  Dated:  May 4, 2023

23                                          _____

24                                          DENNIS M. COTA
                                            UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                    4