IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP JOHN JONES, | No. 2:23-CV-0817-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JIM COOPER, | and |
| Defendant. | FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint. See ECF No. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff initiated this action with a pro se complaint filed on May 1, 2023.  See ECF No. 1.  In the original complaint, Plaintiff named as defendants Jim Cooper and "John Doe/Classification."  Id. at 1.  Plaintiff filed a first amended complaint as of right on June 2, 2023.  See ECF No. 8.  In the first amended complaint, Plaintiff named as defendants Sacramento County and "John Does 1-15."  Id. at 1.  On January 23, 2024, the Court issued an order dismissing Plaintiff's complaint with leave to amend.  See ECF No. 9.  Specifically, the Court determined that Plaintiff had failed to allege facts to establish the municipal liability of the only named defendant – Sacramento County.  See id.  Plaintiff filed his second amended complaint on April 1, 2024.  See ECF No. 12.

### B.  Plaintiff's Second Amended Complaint

In the second amended complaint, Plaintiff now names Sacramento County as the only defendant.  See id. at 1, 2.  Plaintiff claims that, on May 17, 2021, while housed at the Rio Cosumnes Correctional Center, he was attacked from behind by another inmate.  See id. at 3.  Plaintiff alleges this occurred due to the deliberate indifference and negligence of Sacramento County sheriff's deputies.  See id.

///
///
///
///

## II.  DISCUSSION

As with the first amended complaint, the Court finds that the second amended complaint fails to allege any facts to establish the liability of Defendant Sacramento County.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.

Here, Plaintiff has not alleged facts indicating the existence or implementation of any custom or policy of Sacramento County which resulted in a violation of Plaintiff's Eighth Amendment rights by sheriff's deputies.  To the contrary, Plaintiff alleges that the violations occurred due to the deliberate indifference of individual deputies, not the policies of Sacramento County.  Absent allegations of a municipal custom or policy, Plaintiff's claim cannot survive. Given that Plaintiff has previously been advised of the standards for pleading a claim against a municipal defendant and has still failed to allege sufficient facts, the Court finds that further amendment would be futile.

///
///
///
///
///
///
///

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 21, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE